### THE COLLEGE POINT.
### THE MONTCLAIR.
#### No. A–17162.

District Court, E. D. New York.
May 14, 1945.

Foley & Martin, of New York City (Christopher E. Heckman, of New York City, of counsel), for libelant.

John E. Morrissey, of New York City (Harold Gilmartin, of New York City, of counsel), for claimant.

BYERS, District Judge.

This cause presents a single question of fact, whether the libelant's scow College Point was struck by the claimant's tug Montclair, in the slip between piers 4 and 5, Hoboken, New Jersey, on the night of August 5, 1943, at about 11:30 p. m.

The evidence is not necessarily in conflict because the claimant's witnesses assert that no such striking occurred, since none was on the stern of the tug and thus in a position to refute the testimony of the scowman, who said that he observed the striking and promptly reported it to the claimant on the following morning.

He impressed me as a truthful witness, as did those called by the tug, and I accept his positive testimony because the libelant's case, while meager, is sufficient.

The damage could have been sustained as the scowman relates, by reason of the position of the scow as the outboard vessel in a tier of 4 or 5 lying near the end of pier 5, bow in the slip. The fact that he was able to identify this tug among those working in and out of this busy slip that night, and reported the fact of the striking as soon as possible on the following day, and claimed that his scow had been damaged, tends to corroborate his narrative, and leads to its acceptance.

Findings.

1. Ownership and operation of the respective vessels are found to be as alleged in the pleadings.

2. On the night of August 5, 1943, the libelant's scow College Point, loaded to about one-half capacity with soft coal, was the outboard vessel in a tier of 4 or 5 similar craft, lying near the end of pier 5, Hoboken, but not at the extreme end.

3. The claimant's tug Montclair, running light, while maneuvering in and out of the slip between piers 4 and 5, struck the said scow at about 11:30 p. m. on the starboard side near the stern, and damaged the second plank below the top log.

4. The said damage was not due to any fault on the part of the College Point.

Conclusion.

The libelant is entitled to the usual interlocutory decree, with costs.

Settle decree.